This bill is filed under the provisions of "An act to compel the determination of the existence and validity of covenants *Page 62 
* * * and of restrictions contained in deeds of conveyance of real estate." Comp. Stat. p. 5405. The complainant and the defendants, Allsopp, Schwartz and Delaney, each own one of four adjoining lots on the east side of Johnson avenue, Newark, at the corner of Alpine street, upon each of which stands a detached single family dwelling-house, thirty-six feet back from the street. The remaining defendants own four lots in the rear, facing Milford avenue. The plot, fronting two hundred and seventy-two feet on Johnson avenue, two hundred and seventy-four feet on Milford avenue and two hundred and sixty-six feet in depth, was at one time owned by Sleght and Jelliff. In their several conveyances of the lots on Johnson avenue to the predecessors in title of the complainant and the named defendants they incorporated a restriction against the erection on the lots of certain classes of buildings, inter alia, apartment-houses, and a requirement that all buildings on Johnson avenue be set back thirty-six feet from the curb line of the street; and in the first conveyance of lots on Johnson avenue it was stipulated that the restrictions would be inserted in the conveyances of the remaining lots on Johnson avenue, and that was done. The restrictions were carried in all the deeds forming the chains of title of the complainant and the named defendants with the exception of the deed from the complainant's grantor. This omission was, apparently, to qualify the complainant to file this bill, as the act precludes the right to one whose deed contains the restriction. A similar restriction as to apartment-houses was inserted in the deed of the lot first conveyed on Milford avenue, and required that buildings be set back twenty-four feet from the curb line, and also a stipulation that the restrictions would be placed in all deeds conveying the remaining lots on Milford avenue. The deed for the second lot on Milford avenue contained the restrictions, but they were omitted in the conveyances for the remaining two lots sold by the common grantor in 1918 and 1921, and upon these two lots an apartment-house has been erected. The complainant wants to build an apartment-house on his lot and filed this bill to *Page 63 
relieve his lot of the restrictions, setting up that the character of the neighborhood has changed from one once devoted to private residences to an apartment-house section, and that, therefore, the object of the restrictions has been defeated, and that they "are unjust and vexatious and unenforceable." The defendants Schwartz and Delaney answered and object.
That such restrictions are lawful and enforceable in equity is not open to question in this state. Kirkpatrick v. Peshine,24 N.J. Eq. 206; Coudert v. Sayre, 46 N.J. Eq. 386; Sanford v.Kerr, 80 N.J. Eq. 240.
The only ground alleged in the bill for nullifying the restrictions is, that the character of the neighborhood has changed, and the right to relief must rest there, but the complainant has gone further in his brief and urges that the right to specific performance has been lost to the defendants by abandonment of the group scheme, in that the common grantor failed to include the restrictions in the conveyance of the two lots on Milford avenue, and that the restrictions have been waived by the answering defendants acquiescing in the erection of the apartment-house thereon. There is no merit in this. The scheme of the common grantor was, undoubtedly, to exclude apartment-houses from the entire plot, but the benefits and burdens of the restrictions were not intended to be common to all subsequent lot owners, for they were confined to the several lot owners on Johnson avenue as a unit and independently of similar restrictions imposed upon the unit of lot owners on Milford avenue. The proof of the limitation is found in the stipulation in the first conveyance of a lot on either avenue, to the effect that the restrictions would be inserted in future conveyances of lots on that avenue only. The erection of the apartment-house on Milford avenue was, unquestionably, in violation of the restrictions upon the Milford avenue lots, but with this the owners of lots on Johnson avenue had no concern, and they were not in a position to prevent it. The restrictions were not for their benefit.
The fact that the neighborhood has undergone a change, in that many large apartment-houses have been erected in *Page 64 
the vicinity, does not commend itself as a sufficient reason for withholding from the defendants equitable protection from invasion of their group of properties. The parties bound to the observation of the covenant have not themselves permitted or suffered any infraction of its provisions nor relaxed in any degree any of its terms, so as to dissuade a court of equity from lending its aid, as in Scull v. Eilenberg, 94 N.J. Eq. 759,
where it declined to interfere with the erection of a store in violation of a building location line because others in the neighborhood scheme had been allowed to violate the restriction. And it is no answer to those who are anxiously guarding the light, air and prospect of their homes, assured by the covenant, and it is a vain appeal to equity to remain dormant, that the complainant's lot is no longer desirable for a single dwelling-house, because it can be more profitably utilized for an apartment for many families, and because others in that section, strangers to the covenant, have advanced their holdings by such structures. When the parties bound by the covenant have not themselves waived or abandoned or forfeited the restriction upon the use of land, a change of character of the surrounding territory will not induce a court of equity to refuse to enforce the covenant unless the influence of the change upon the restricted area is such as to clearly neutralize the benefits of the restrictions to the point of defeating the object and purpose of the covenant. Page v. Murray, 46 N.J. Eq. 328; Trustees ofColumbia College v. Thatcher, 87 N.Y. 311. Unless the restrictions are stripped of all material benefit a party to the covenant is entitled to protection. The situation here disclosed has not reached that stage, and the bill will be dismissed. *Page 65