RECTOR et al. v. ANDERSON.    (No. 11861.)

Court of Civil Appeals of Texas.    Fort Worth.
Oct. 29, 1927.

Rehearing Denied Dec. 17, 1928.

1. Frauds, statute of ⊜⇒56(1)—Building restrictions in deed and written agreement between parties cannot be applied to other lot conveyed without restrictions.

Building restrictions in deed to one lot and subsequent written agreement between parties thereto, not being embodied in grantor's and its grantee's deeds of another lot in same addition, could not be made applicable to latter lot, in view of statute of frauds, even if constituting proof of general plan of original grantor to apply them to all lots in addition.

2. Covenants ⊜⇒73—Grantee of lot without building restrictions in remote grantor's other deeds could remove such restrictions in her deed to another by executing release deed.

There being no privity of interest between grantee of lot without building restrictions and her grantor's grantor or owners of other lots, subject to such restrictions, in same addition, she was under no obligation to them to so restrict use of lot and had legal right to remove such restrictions in her deed thereof to another by release deed subsequently executed.

3. Evidence ⊜⇒383(7)—Recital in grantor's agreement not to sell other lots without same restrictions that another grantee had reconveyed his lot held not to prove such conveyance.

Recital in grantor's agreement, filed in suit against it by grantees of lots in certain addition, not to sell any lots therein for other than residence purposes, and then only subject to restrictions in deeds to plaintiffs, that codefendant had reconveyed his lot therein to grantor, *held* not sufficient to prove that title was so conveyed in suit by grantee of such codefendant's grantee to remove such restrictions as cloud on title; agreement not being executed by codefendant.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by Katherine H. Anderson against Sallie V. Montgomery, Morris Rector, and others, in which certain defendants filed a cross-action. From a judgment for plaintiff, defendants Rector and others appeal. Affirmed.

Morris Rector, B. K. Isaacs, W. B. Powell, and A. H. Kirby, all of Fort Worth, for appellants.

Gillis Johnson and Cantey, Hanger & McMahon, all of Fort Worth, for appellee.

DUNKLIN, J. The Boulevard Land Company, a private corporation, who was the owner of 14.65 acres of land in an addition to the city of Fort Worth, subdivided the tract into lots, blocks, streets, and alleys, and filed a plat of that addition in the deed records of Tarrant county on February 14, 1910, naming it the Mattison addition to Hi-Mount. There were 70 lots in the subdivision, and one of the lots, being lot 26, in block 1, fronted on what is known as Camp Bowie boulevard. That lot was sold by the land company to Aubrey Chapman on September 24, 1917, for the consideration of $1,250, $50 of which was cash and the balance was made payable in monthly installments of $50 each. That deed was duly recorded on October 8, 1917. In the plat subdividing the tract no restrictions of the use of the property of any character were stipulated, and the same was true of the deed from the Boulevard Land Company to Aubrey Chapman. On November 15, 1915, which was practically two years prior to the sale to Aubrey Chapman, the company sold lot 10, in block 1, of the same addition, to Mrs. Sallie V. Montgomery. That deed contained the following restrictions, among others which have no bearing upon the issues in this case:

"In order to secure the erection of private residence building of a high grade, insure uniformity and harmony in the character of such building, and maintain the suitableness of the neighborhood for residential purposes only, and to carry out a general plan for the protection, benefit, use, and convenience of each and every purchaser of a lot or lots in said Mattison addition and his heirs and assigns, this deed is made upon the following express conditions, the violation of any one of which by the said Sallie V. Montgomery, or her heirs or assigns, shall give the right to the said Boulevard Land Company to re-enter upon said premises, repossess itself thereof, and terminate all of the rights of the said grantee, her heirs or assigns therein:

"(1) That no building shall be erected on said premises, except a private dwelling house and outbuildings thereof, and no building erected thereon shall at any time be used except for such purpose.

"(2) That no old house, storehouse, saloon, or other business house or shop of any kind or character shall ever be erected or placed on said lot."

All other lots in the subdivision were disposed of by the Boulevard Land Company to divers and sundry persons. On December 9, 1918, in a suit then pending in which Sallie V. Montgomery and J. L. Lockett, the owner of another lot in the addition, were plaintiffs and the Boulevard Land Company was defendant, an agreement was filed in which plaintiffs were designated as parties of the first part and the defendant, the Boulevard Land Company, was designated as party of the second part. The agreement contained the following:

"That whereas, said second party has abandoned all intention of selling or attempting to sell or of disposing of any of the property situated in Mattison's addition to Hi-Mount, which

is owned or controlled by said second party, for business purposes or for any other than for residence purposes, and then only subject to the several restrictions, conditions, and covenants set out and contained in the several deeds executed by said second party to said first parties, respectively, conveying the lots purchased by them in said addition; and,

Whereas, Aubrey Chapman, the other defendant in said cause, has abandoned lot No. 20 in block No. 1 of said addition and has reconveyed same to said Boulevard Land Company, which is now the owner of said lot; and

Whereas, the business heretofore conducted on said lot had been abandoned, and said lot is no longer used for business purposes; and

Whereas, it has been agreed by and between said first parties and said second party that said parties of the first part will no further prosecute their said action against said second party, and that same shall be discontinued, and that in consideration of the discontinuance thereof said second party shall covenant and agree, and it does hereby covenant and agree:

"(1) That it will not sell or dispose of or permit to be sold or disposed of any of the property owned by it in said addition for any other than residence purposes, and then only subject to all of the restrictions, conditions, and covenants contained in the several deeds to purchasers of lots in said addition, which restrictions and covenants are set out and contained in the deed executed by said second party to the said Sallie V. Montgomery, conveying to her lot No. 10 in block No. 1 of said addition, which deed is recorded in Book 417, page 239, of the Deed Records of said county, and which are also contained in the deed executed by said second party to said J. L. Lockett, conveying to him lots 8 and 9 in block No. 1 of said addition recorded in volume 440, page 341, of the Deed Records of said county, and reference is here made to said deeds for description.

"(2) That it will abandon and it does hereby abandon any and all claims, right, or privilege to sell or convey to purchasers of lots in said addition for other than residence purposes, and then only subject to the restrictions and covenants above referred to; all of which shall be included in and made a part of the deeds executed to such purchasers.

"(3) That it will not lease or otherwise dispose of any lots in said addition otherwise than on the conditions and for the purposes stated above.

"(4) That it will not use or permit to be used any of the lots in said addition except for residence purposes, and then only subject to such restrictions and covenants as are contained in the deeds above referred to so long as said lots are owned or controlled by it, and said second party now here renews all such covenants and makes same applicable to all of the property situated in said addition.

"Now, therefore, in consideration of such agreement and covenants, said first parties agree to dismiss and discontinue their said action upon each party thereto paying the costs incurred by. them, respectively."

On March 17, 1919, the Boulevard Land Company executed to Aubrey Chapman a release deed, acknowledging full payment of the purchase money stipulated in the deed to Chapman, and releasing the vendor's lien on the lot conveyed to him. On March 18, 1919, Aubrey Chapman conveyed the lot to Fannie Bell Hackney, by warranty deed, with no restrictions as to the use of the property, the consideration therefor being paid in full. On February 15, 1922, Mrs. Fannie Bell Hackney, joined by her husband, T. E. D. Hackney, conveyed the property to Mrs. Katherine H. Anderson by warranty deed, which contained this stipulation:

"This deed is made subject to the restrictions as shown in deed of Boulevard Land Company to Sallie V. Montgomery, and the restrictions stated in the case of Sallie V. Montgomery et al. v. Boulevard Land Co. et al., No. 45373."

On February 1, 1926, Mrs. Fannie Bell Hackney, joined by her husband, executed to Mrs. Katherine H. Anderson a release of the restrictions incorporated and retained in their prior deed to Mrs. Anderson, of date February 15, 1922. The release specifically recited that the grantor relinquished to the grantee "any and all restrictions against using said property for business purposes, and to discharge unto the. said grantee herein any and all limitations upon the fee-simple title arising by virtue of said restrictions, and confirming title in the said grantee." That release recited the payment of $1 and other valuable consideration to the grantors paid.

This suit was instituted by Mrs. Katherine Anderson against Mrs. Sallie V. Montgomery and divers and sundry other persons who were alleged to be the owners of other lots in the same subdivision, to quiet her title to lot 26 in block 1, purchased from Mrs. Hackney, and to remove the cloud upon such title arising from the claims of defendants that plaintiff's title was subject to the restrictions contained in the deed to Mrs. Montgomery and in the agreement filed in the suit by her and Lockett against the Boulevard Land Company noted above. It was alleged in plaintiff's petition that she was the owner of the fee-simple title to the lot which she so purchased, and that the same was not subject to any of the restrictions mentioned above, but that the defendants were asserting claims to the contrary which prevented her from selling her lot for business purposes. She further alleged that her lot is now valuable for business purposes, and that such value is far in excess of its value for residence property, and that she has an opportunity to sell it for business uses, but has been prevented from making such sale by reason of the claims of defendants that the same was subject to the restrictions mentioned.

Two of the defendants filed disclaimers, but several others filed answers in which they set out the restrictions in the deed to Mrs. Montgomery and the covenants of the Boulevard Land Company in the suit by her

and Lockett against the company, with further allegation that plaintiff acquired title to her lot with full notice of those restrictions, and that such restrictions applied to the plaintiff's title. Defendants further alleged that they had purchased lots in close proximity to the lot owned by the plaintiff, and that they purchased them for residence purposes only and now reside thereon, in full reliance upon the belief that all the lots in the addition were subject to the restrictions above mentioned, and in reliance upon the observance and enforcement of those restrictions as against all the lots in the addition.

The defendants further filed a cross-action against the plaintiff, in which a decree of court was sought affirmatively establishing the restrictions mentioned above as applicable to plaintiff's lot. A judgment was rendered in favor of plaintiff for the relief prayed for by her as against all the defendants, and from that judgment Morris Rector and several other defendants in the cause have prosecuted this appeal.

In Miller v. Babb, 263 S. W. 253, in an opinion by the Commission of Appeals, it was held that a parol agreement for the restriction of uses of land given as a part of the consideration for the sale thereof cannot be enforced because it is in violation of article 3995, Rev. Statutes of 1925, which provides that no action shall be brought in any court upon any contract for the sale of real estate unless the same is in writing. To the same effect was the decision in Pierson v. Canfield, 272 S. W. 231, by the Court of Civil Appeals of the Fifth Judicial District. In Hill v. Trigg, 286 S. W. 182, it appeared that a tract of land was subdivided and platted into two blocks of eight lots each. Through the middle of the blocks two private parks were set apart in the plat of subdivision, each private park abutting on the rear of a tier of lots, each tier fronting on public streets. The owner sold several of the lots in both blocks. Each conveyance stipulated that the residences to be built on those lots should front upon the private park, and that failure to conform to the restriction would cause a forfeiture of title in favor of the owners of all other lots in the same block. One of the lots was later sold without any such restrictions, but with full notice to the purchaser of those restrictions in the other deeds, and in an opinion by the Commission of Appeals it was held that the title of the lot so sold was not subject to those restrictions.

The above decisions are distinguishable from Curlee v. Walker, 112 Tex. 40, 244 S. W. 497, which is the principal case relied upon by appellants, in that the restrictions there enforced were stipulated in the deed held by the party against whom they were invoked, thus rendering inapplicable the statute of frauds. The same is true of some of the other authorities cited by appellant.

[1] Upon the trial of the case the restrictions contained in the deed to Mrs. Montgomery and also in the written agreement asserted in the suit by her and Lockett against the Boulevard Land Company were the only proof offered by the defendants to establish the restrictions claimed by them as applicable to plaintiff's lot. Since those restrictions were not embodied in the deed from the Boulevard Land Company to Aubrey Chapman, nor in the deed from Chapman to Mrs. Hackney, they could not be made applicable to that lot, in view of the statute of frauds, even though it could be said that they constituted proof of a general plan on the part of the land company to apply those restrictions to all the lots in the addition.

[2] Mrs. Hackney sold the lot to the plaintiff with those restrictions stipulated in her deed, yet there was no privity of interest between Mrs. Hackney and the Boulevard Land Company or the owners of any of the other lots in the addition, and, therefore, as she was under no obligation to such parties to so restrict the use of that lot, she had the legal right to remove those restrictions by the release deed later executed by her. In other words, in the absence of any such privity of interest, she had the right to sell the lot without those restrictions in the first instance, and the same right to later release the restrictions in her deed. Toothaker v. Pleasant (Mo. Sup.) 288 S. W. 38.

[3] The recital in the agreement filed in the suit of Mrs. Montgomery against the Boulevard Land Company, to the effect that Aubrey Chapman had reconveyed the lot in controversy to the Boulevard Land Company, was not sufficient to prove that the title was so conveyed, since the agreement was not executed by Aubrey Chapman in whom the legal title was vested, and who later sold the lot to Mrs. Hackney.

In view of the decisions noted, which hold that the statute of frauds is applicable to restrictions upon the use of real property, such as are involved in this suit, we have reached the conclusion that the judgment of the trial court should be affirmed, and it is so ordered.