**L. B. AULL, Appellant,**

v.

**Lee R. KRAFT et al., Appellees.**

No. 3310.

Court of Civil Appeals of Texas.

Waco.

Jan. 12, 1956.

Rehearing Denied Feb. 9, 1956.

McNees & McNees, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., Dallas, for appellees.

HALE, Justice.

Appellant and others brought this action to restrain the erection of buildings for business purposes on certain property owned by appellees, for mandatory injunction to remove buildings already erected for such purposes and for damages. Upon a hearing of appellees' motion for summary judgment, the trial court concluded that no material issue of fact was involved in the case and that appellees were entitled, as a matter of law, to judgment in their favor. Accordingly, the court rendered judgment that appellant and those who had joined

him as plaintiffs in the court below take nothing by their suit.

In 1938 Mrs. Lela Body became the owner of two tracts of land situated in the City of Dallas, hereafter referred to as the first tract and the second tract, respectively. The first tract consisted of 285 feet by 120 feet on the southwest corner of Mockingbird Lane and Skillman Street, fronting 285 feet on Mockingbird. The second tract consisted of 765 feet by 295 feet between Skillman and Concho Streets, being adjacent to and running parallel with the first tract. By deed dated June 23, 1939, Mrs. Body conveyed the first tract to M. F. Webster and J. S. Pulliam. As part of the consideration for this conveyance, it was agreed by a separate written instrument that the property conveyed to Webster and Pulliam might be used for business purposes but that the use of the adjacent 285 feet by 180 feet out of the second tract was restricted against business purposes, this area being hereafter referred to as tract IIa. In September, 1939, the first tract was conveyed to R. H. Buell and Lee R. Kraft. In March, 1940, Mrs. Body conveyed the second tract to R. H. Buell by warranty deed which contained no restriction. At the same time, Mrs. Body executed a release of the restriction instrument which had restricted the use of tract IIa against business purposes. R. H. Buell later conveyed one-half of his interest in the entire second tract to Lee R. Kraft. Thereafter, Lee R. Kraft and R. H. Buell conveyed the second tract (less tract IIa) to C. G. Coffey, who platted the same in 1941 as the Wilshire Place Addition, bisected the tract by Winton Avenue and subsequently conveyed to appellant and those who joined with him as plaintiff in the court below the lots upon which they have erected their homes. Appellees are the present owners of the first tract and of tract IIa.

We do not think the trial court erred in rendering judgment against appellant for several reasons.

In the first place, appellant was not a party to the restriction agreement relating to tract IIa, and he is not the owner of any of the land for the benefit of which the restriction was made. Furthermore, it is clear that the restriction sought to be enforced was not any part of a general plan or scheme of development for residence use only, covering the entire second tract. Moreover, the claimed restriction against tract IIa for business use was destroyed by merger when the dominant and servient estates came under the same ownership.

■ Webster and Pulliam, having purchased the first tract from Mrs. Body for use as business property, desired to protect themselves against competition by having Mrs. Body to restrict the use of tract IIa against business purposes. Appellant was in no wise a party to this transaction, and the restriction agreement shows on its face that it was entirely personal to Mrs. Body and did not purport to run with the land or to amount to anything more than a personal covenant. As stated in Thompson on Real Property, Sec. 3625: "There must be either an express statement that a restrictive covenant shall bind the heirs and assigns of the parties thereto, or there must be something in the instrument to show that such was the intention."

■ At the time when the restriction agreement was entered into between Mrs. Body and Webster and Pulliam, there had been no platting whatsoever of any lots in the second tract and the restriction agreement was not intended for the benefit of appellant or those who may now be situated similarly to him. We think it is well settled that a suit for the equitable enforcement of a restrictive covenant is maintainable only by one for whose benefit the covenant was intended. Scaling v. Sutton, Tex.Civ.App., 167 S.W.2d 275 (er.ref. w. m.); Green Avenue Apartments v. Chambers, Tex.Civ.App., 239 S.W.2d 675.

No restriction was contained in any conveyance executed by Mrs. Body. Moreover, there was no development of any part of the property owned by her for residential purposes until after she had dis-

posed of both tracts. There was no general plan or scheme of any kind relating to any part of the property owned by Mrs. Body until after she had conveyed the first tract to Buell and Kraft in 1939 and the second tract to Buell in 1940, and until after Buell had conveyed one-half interest in the second tract to Kraft, and until Kraft and Buell had conveyed the second tract (less tract IIa) to C. G. Coffey. It was not until 1941 that Coffey platted Wilshire Place Addition, and thereafter, appellant acquired the lot upon which he has erected his home. Consequently, since neither Mrs. Body nor those claiming under her, in so far as the first tract and tract IIa are concerned, originated or in any wise participated in any general plan or scheme of development relating to the lot which now belongs to appellant, it is clear to us that appellant is not in any position to enforce the restriction agreement relied upon, even though such agreement were still in existence and valid as to proper parties. Hooper v. Lottman, Tex.Civ. App., 171 S.W. 270; Curlee v. Walker, 112 Tex. 40, 244, S.W. 497; Green v. Gerner, Tex.Com.App., 289 S.W. 999.

■■■■ Furthermore, since the restriction by Mrs. Body against the use of tract IIa for business purposes did not appear in any deed of conveyance from her to any grantee and did not appear in appellant's chain of title, we think Mrs. Body had the right to release such restriction at the request of Buell and Kraft, as she did in March, 1940. Miller v. Babb, Tex. Com.App., 263 S.W. 253; Rector v. Anderson, Tex.Civ.App., 1 S.W.2d 699. But, whether Mrs. Body did or did not have the right to release such restriction, when the dominant and servient estates of the first tract and of tract IIa came under the common ownership of Buell and Kraft, the restrictive covenant covering tract IIa for the benefit of the first tract became extinguished under the doctrine of merger. 14 Am.Jur., p. 643, Sec. 293.

Finding no reversible error in the record before us, both of appellant's points are overruled and the judgment of the court below is affirmed.