James E. MORTON et ux., Appellants,

v.

John SAYLES et al., Appellees.

No. 3340.

Court of Civil Appeals of Texas.

Eastland.

June 14, 1957.

Rehearing Denied Sept. 6, 1957.

Scarborough, Yates, Scarborough & Black, Abilene, for appellants.

Sayles & Sayles, Abilene, for appellees.

LONG, Justice.

This suit was instituted by John Sayles and other property owners in the Highlands Addition to the City of Abilene against James E. Morton and wife to enjoin defendants from erecting a gasoline filling station on certain lots in said addition. Plaintiffs alleged that said Highlands Addition is now, and for several years, has been restricted to residential purposes and uses; that defendants, in violation of said restriction, were preparing to erect in said addition a gasoline filling station. The defendants did not answer by a general denial but alleged certain affirmative defenses. Defendants alleged changes in the City of Abilene and adjoining area since execution of the original deed in 1887, containing the restriction relied upon by plaintiffs. They alleged that the city had grown from a population of 3,000 to 65,000; that South 7th Street, which runs through said addition and on which defendants' lots are situated, is now an arterial thoroughfare carrying heavy traffic to and from an air base located west of the city; that South 7th Street, immediately west of defendants' property, has become a business street on

which are located many business establishments. They alleged that the city had adopted a zoning ordinance and defendants' property had been zoned a business property. They further alleged that the restriction relied upon by the plaintiffs was not so expressed as to endure for any particular length of time and that there was nothing contained therein which indicated that it was to last forever; that, since no time is expressed in the deed for the duration of said restriction, same should be construed to last for a reasonable time and that a reasonable time had expired. By supplemental petition plaintiffs excepted to the allegations in defendants' answer. The trial court sustained all of plaintiffs' material exceptions and defendant refused to amend their answer. Stipulations were entered into between the parties with respect to the material facts. Plaintiffs filed an affidavit of Hon. John Sayles attached to a copy of a map of the Highlands Addition. Plaintiffs filed a motion for summary judgment under Rule 166–A, Texas Rules of Civil Procedure, based on the pleadings, the order sustaining plaintiffs' special exceptions to defendants' answer, the material facts set out in the stipulation and the affidavit of the plaintiff Sayles attached to the map of the Highlands Addition. The court granted plaintiffs' motion for summary judgment and entered an order permanently enjoining defendants from constructing a gasoline filling station on the lots in question and from using said lots or any part thereof for business purposes or any purpose other than residential. Defendants duly excepted to the order sustaining special exceptions to their answer and to the judgment and have duly perfected their appeal.

In 1887 Thomas H. Gunn owned Blocks O and D, the West ½ of Blocks N, K, H and E and Block C and the West ½ of Block B in the Herman Ward Survey No. 90, City of Abilene. On May 18, 1887, Gunn conveyed to Abilene City Land and Improvement Company Blocks O and D and the West ½ of Blocks N, K, H and E out

of said survey. The deed was recorded in the Deed Records of Taylor County. It recited:

"Know all men that whereas, I am the owner in fee simple of the blocks of land hereinafter described which the * * * Improvement Company is desirous of purchasing for the purpose as stated in its charter of beautifying the same by planting trees thereon and selling the same in such size lots as the directors might determine to actual settlers only who would build thereon within the time fixed by its Board of Directors residences of not less value than twenty-five hundred dollars.

"Now, therefore, in consideration of the premises and the sum of Three Thousand One Hundred Fifty Dollars cash to me in hand paid by the said * * * Improvement Company * *.

"Conveys: All of Block O and D and the West ½ of Blocks N, K, H and E out of the Herman Ward Survey No. 90 of the City of Abilene, Taylor County, Texas, as shown by the plat hereunto attached and made a part hereof; the property covered by the streets marked on said plat is embraced in this conveyance to said * * * Improvement Company, except such streets as have heretofore been dedicated to the Public as shown by plat recorded in the Records of Taylor County, Texas, to which reference is made. It is also understood that the whole of Blocks J and I heretofore sold by me are also to be acquired by said * * * Improvement Company and that they are to be improved and sold as above provided. As a part of the consideration of this transaction, I agree to sell no part of Block C and no part of the west ½ of Block B in said Herman Ward Survey No. 90, City of Abilene, except to actual settlers who will agree to erect thereon within the time fixed by the Directors of the * * * Improve-

ment Company, residences of not less than $2,500.00 a piece and with the stipulation that no subdivision of any part of said property shall be sold no matter in whose hands the same may be except upon the above condition."

Blocks J and I theretofore sold by Gunn were soon after the execution of said deed acquired by the Improvement Company. The Improvement Company obtained a charter from the State in May, 1887. Its purpose, as stated therein, was:

"Second: The Company is formed for the purpose of purchasing, subdividing and selling land in the City of Abilene, Taylor County, Texas.

"Third: Also for the purpose of purchasing Blocks D, I, J, and O and the West ½ of Blocks N, K, H, and E in the Herman Ward Survey No. 90, City of Abilene, Taylor County, Texas, and for the purpose of beautifying blocks by planting trees thereon, and for the purpose of selling the same and the subdivisions thereof to such actual settlers only who will in such time as the directors may fix erect residences thereon of not less value than $2500 a piece, said property to be divided into such lots as the directors may from time to time agree upon. All other property purchased by the Company except the above designated blocks shall be controlled by the Board of Directors and sold on such terms and conditions as the Board of Directors may from time to time establish."

Said charter was recorded in the Deed Records of Taylor County.

This court had before it in the case of Sayles v. Owens, 161 S.W.2d 542, 543, the provision in the deed from Gunn to the Improvement Company, wherein it provided "Improvement Company is desirous of purchasing for the purpose as stated in its charter of beautifying the same by planting trees thereon and selling the same in such size lots as the directors might determine to actual settlers only who would build thereon within the time fixed by its Board of Directors residences of not less value than twenty-five hundred dollars." This court held in that case that this provision in the deed was a covenant running with the land. The record shows that the owners of lots in Highlands Addition, including defendants' predecessor in title, on September 10, 1928, entered into the following agreement:

"That each of the undersigned, as the owner of that part of the Highlands, an Addition to the City of Abilene, Taylor County, Texas, appearing of record in his or her respective name, hereby asserts that the original covenant in the chain of title to The Highlands, in substance that the use of the whole of The Highlands is restricted to residence uses and purposes and is in full force and effect, and that each of the undersigned respectively has not consented or agreed and does not consent or agree to the erection or maintenance of any business building or business of any kind or character on any lot in The Highlands, a plat of which appears of record on pages 26B and 26C of Volume 69, of the Deed Records of Taylor County, Texas, and the original owners and developers of The Highlands further state that said restriction was not waived in the sale by them of any lots, but has always been and is now in full force and effect."

It was stipulated by the parties that there are 194 lots in the Highlands Addition and occupied homes and yards are upon all of them except about ten. Three of such lots without residences on them are the three lots owned by the plaintiffs. It was further agreed that there were two residences on three lots owned by the defendant, one of which was removed therefrom shortly before this injunction suit was filed and the other residence was removed a short time thereafter.

■ Defendants contend the court erred in sustaining exceptions to their answer. This contention is overruled. The matters alleged by defendants in their answer were no defense to plaintiffs' cause of action. We hold that the restriction in the deed from Gunn to the Improvement Company and the agreement thereafter entered into by the owners of the lots in the Highlands Addition is a covenant running with the land. We further hold that such covenant was not to run for a reasonable length of time, but that it is to run forever.

In Flaniken v. Neal, 67 Tex. 629, 4 S.W. 212, 214, the court holds:

"A covenant which runs with the land * * * accompanies a conveyance of the land, and passes from one purchaser to another, through each successive link in the chain of title."

In 21 C.J.S. Covenants § 74, p. 933, it is said:

"Where a covenant is annexed to an estate, in the absence of a breach it runs as long, as does the estate."

See also Bethea v. Lockhart, Tex.Civ.App., 127 S.W.2d 1029 (Writ Ref.). It will be noted that defendants did not allege any changed conditions within the Highlands Addition. They allege that South 7th Street carries heavy traffic and that west of Highlands Addition there are a number of business houses. This is no defense to plaintiffs' cause of action. The residential character of the Highlands Addition has not changed. There is no showing that any character of business is being transacted therein. In Ludgate v. Somerville, 121 Or. 643, 256 P. 1043, 1045, 54 A.L.R. 837, the court said:

"Has the residential character of Laurelhurst adjacent to Sandy Boulevard so changed by reason of [the] surrounding business activity that equity will not intervene to prevent the violation of these building restrictions? Has there been such a radical change that the restrictions can no longer serve

the purpose for which they were intended? * * * In Sandusky v. Allsopp, [99 N.J.Eq. 61], 131 A. 633, it is said: 'When the parties bound by the covenant have not themselves waived or abandoned or forfeited the restrictions upon the use of the land, a change of character of the surrounding territory will not induce a court of equity to refuse to enforce the covenant, unless the influence of the change upon the restricted area is such as to clearly neutralize the benefits of the restrictions to the point of defeating the object and purpose of the covenant.' "

The owners of lots in the Highlands Addition have not waived or abandoned the restrictions on the lots therein. There are residences occupied by families located on practically all of the lots therein. The fact that South 7th Street may carry heavy traffic is no reason for the court to refuse to uphold the restriction.

■■ The fact that the City may have zoned the property in question as business property cannot override the covenants in the deed from Gunn to the Improvement Company and the agreement entered into by the parties on September 10, 1928, restricting the lots to residential use. In Spencer v. Maverick, Tex.Civ.App., 146 S.W.2d 819, 825, the court said:

"Zoning ordinances, while of ancient origin, have only become matters of utility in this country in the later years, and, while the Legislatures of some forty-three states have conferred upon municipalities the power to pass zoning ordinances, the decisions of the various courts are not very numerous on the question, but the cases we have been able to find all point in one direction, and that is, where private restrictive covenants have been placed upon lots or land by agreement of parties, they are controlling, and city zoning ordinances cannot override or destroy such private restrictive covenants."

Also quoting from Farmer v. Thompson, Tex.Civ.App., 289 S.W.2d 351, 355 (Writ Ref., W.R.E.):

"(3) The power of a city to zone does not override covenants in existence at the time the zoning ordinance is passed. Spencer v. Maverick, Tex. Civ.App., 146 S.W.2d 819; 26 C.J.S. Deeds § 171, p. 577; Ludgate v. Somerville, 121 Or. 643, 256 P. 1043, 54 A.L. R. 837."

The restriction in the deed from Gunn to the Improvement Company and the agreement of the parties in 1928 had long been in existence prior to the time the City of Abilene attempted to zone defendants' property as business property.

We hold that the trial court was correct in granting plaintiffs' motion for a summary judgment. There was no genuine issue of fact for the determination of the court. Defendants alleged no defense to plaintiffs' cause of action. Plaintiffs were clearly entitled to an injunction restraining defendants from using the lots in question as business property or for any purpose other than residential.

The judgment is affirmed.