Dudley HODGKINS, Appellant,

v.

S. W. PICKETT et al., Appellees.

No. 16200.

Court of Civil Appeals of Texas.

Fort Worth.

March 3, 1961.

Harris & Ball, and Chester G. Ball, Arlington, for appellant.

Morgan & Shropshire, and Cecil A. Morgan, Fort Worth, for appellees.

BOYD, Justice.

Fairmount Land Company, the dedicator of University Place Addition to the City of Fort Worth, restricted the addition to residential use. In 1947 Dudley Hodgkins acquired Lots 8 and 9, Block 32, in said addition. He was advised by his attorney of the existence of the restrictions.

Hodgkins filed this suit for a declaratory judgment that the restrictions are no longer valid. The suit was brought as a class action, it being alleged the parties having a community of interest in the suit, being property owners in the addition, were too numerous to be brought before the court, and that the persons cited were a fair representation of the group. S. W. Pickett, George L. Brown, and E. N. Smith were named as defendants. Thirty-six other persons intervened. The defendants and the interveners own land in the addition upon which they make their homes. They prayed that the plaintiff take nothing by his suit, and that the restrictions be found to be valid and of full force and effect.

The defendants and interveners filed a motion for summary judgment which was sustained, and Hodgkins appealed.

The addition was restricted to residential use "in order to secure the erection of private residences, insure uniformity in the character of such residences and to maintain said addition at all times as a residential district only and to carry out a general plan for the protection and benefit of each and every purchaser of his lot or lots in said addition, and his or their heirs and assigns." It was recited in the dedication that the restrictions and conditions "are extended to and shall run with the lands."

The ground upon which appellant sought to have the restrictions declared invalid was that there had been such changes in the conditions in and upon the property that it is valuable only for business purposes.

By deposition and affidavit appellant testified that since he acquired the two lots in the addition a freeway was constructed

which intersects University Drive a short distance north of the addition; University Drive has been widened, and it and the freeway have increased the traffic in the area; Texas Christian University is near the addition on the south, and is growing in enrollment, which fact increases traffic; business establishments are being constructed between the University and the intersection of the freeway and University Drive, and University Drive has become largely a business street since he acquired the property; a business house has been constructed and opened adjacent to the addition, facing University Drive; a large apartment house in the area was originally a "discriminating establishment," but since 1959 it houses University students; food, hardware, and furniture stores have been constructed across University Drive from the addition since the creation of the restricted district; and the property involved in this suit has been rezoned for commercial use.

We think the judgment should be affirmed. That lots are much more valuable for business than for residential use does not entitle the owner to cancel the restrictions. Abernathy v. Adoue, Tex.Civ. App., 49 S.W.2d 476. In Morton v. Sayles, Tex.Civ.App., 304 S.W.2d 759, 763, it was held that greatly increased traffic and the existence of numerous business houses in the area adjacent to an addition did not constitute defense to an injunction suit to restrain construction of a gasoline station in violation of restrictive covenants. There the court said: "There are residences occupied by families located on practically all of the lots therein. The fact that South 7th Street may carry heavy traffic is no reason for the court to refuse to uphold the restriction." It was said in Bethea v. Lockhart, Tex.Civ.App., 127 S.W.2d 1029, that to hold that several broad boulevards have by their increasing traffic destroyed restricted residential uses of property along their route would be contrary to both reason and experience.

The fact that the City of Fort Worth has zoned the property as commercial cannot override the restrictions. Morton v. Sayles, supra; Farmer v. Thompson, Tex.Civ.App., 289 S.W.2d 351; Eakens v. Garrison, Tex.Civ.App., 278 S.W.2d 510; Spencer v. Maverick, Tex.Civ.App., 146 S.W.2d 819.

 A general plan for the protection of lot purchasers is not unusual in the dedication of an addition. The dedicator in this instance had the right to embody such plan and exercised it. Purchasers had the right to expect that the restriction to residential use would be observed. Appellant has, in our opinion, failed to show that conditions have so changed as to authorize a court to invalidate the restrictions.

The judgment is affirmed.