Beulah C. NICHOLLS et vir, Appellants,

v.

Mrs. Harriet BARNETT et vir et al., Appellees.

No. 11134.

Court of Civil Appeals of Texas.

Austin.

Jan. 8, 1964.

Rehearing Denied Jan. 29, 1964.

Thornton & Hosey, Galveston, for appellants.

I. Allan Lerner, LaMarque, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment denying appellants any relief in their suit to reform a deed, to annul restrictive covenants in a conveyance to real property for a declaratory judgment by the grantees in the conveyance against one of the surviving grantors and the heirs and legal representatives of a deceased grantor.

The appeal is predicated on four points assigned as error by the court in holding that the restrictive covenants were to run with the land; that the restrictive covenants in the deed were not personal covenants; in restricting the use of the property in question and finally in failing to reform the restrictions to include the cut-off date to September 1, 1968.

As a background to this litigation it may be stated prior to June 1958, Mr. and Mrs. J. A. Raggio were the owners of the property involved and desired to sell it. About the same time Mr. and Mrs. Nicholls contacted an agent to find a suitable site for a tearoom or restaurant and through the agent, arrangements were made for the purchase of the Raggio home and a contract was entered into providing that there were no restrictions prohibiting the operation of a tearoom. An amendment was had later providing that the property was restricted to commercial usage until September 1, 1968. Mrs. Raggio was not a party to either the agreement or the amendment.

On August 15, 1958, a deed was executed by the Raggios and a note and deed of trust by appellants with certain restrictions and those at issue read as follows:

"The restriction that the only commercial purposes to which the improvements on the above described property may be put or used, or any additions attached to the existing improvements thereon may be put or used is for the operation of a restaurant or the purposes hereinafter set forth for new construction. The only commercial purposes to which the improvements or any new construction on the above described property may be put or used is for the occupancy by and operation of a medical or dental clinic, or insurance or real estate office. Nothing herein contained shall restrict or limit

the use of such property for residential purposes."

The trial court made and filed findings of fact and conclusions of law to the effect that all interested parties were present when the deed was executed and when the note and deed of trust were executed and plaintiffs accepted the deed and had ample opportunity to read and examine the contents of the deed; that Paul E. Nicholls was experienced in and had been a party to many real estate transactions; that the property conveyed was part of a larger tract owned by the Raggios, and restricted the use of the property conveyed to Mrs. Nicholls for the purpose of protecting the value and use of their other property; that Mrs. Raggio would not have executed the deed but for the inclusion of the restrictions and would not had she known that such restrictions were to terminate ten years from the date of the deed on August 15, 1958.

The court found that the plaintiffs made use of the property as a restaurant and closed it prior to the institution of the suit and found a prospective buyer who was interested in using the property for a nursing home and tried to get Mrs. Raggio's consent to use the property as a nursing home, but was refused; that plaintiff did not complain to Mrs. Raggio about any error, mistake or omission in the deed prior to the time the property was offered for sale.

The court found that the restrictions set out in the deed dated August 15, 1958, were included in such deed not as the result of a mutual error or mistake on the part of the parties to such deed and that the date of September 1, 1968 as a "cut-off date" were not omitted from such restrictions and deed as the result of mutual error or mistake.

The Court concluded as a matter of law that the deed dated August 15, 1958 was delivered to plaintiffs. That the restrictions set out in the deed are covenants running with the land and binding on the grantees and are certain, unambiguous and reasonable and not contrary to public policy and

are in full force and effect; that the deed should not be reformed or modified.

■ We believe that the trial court was correct in his findings which are supported by the evidence and in his conclusions of law, and that the restrictions were covenants running with the land and that the conveyance was made subject to these restrictions and binding on the purchasers, their heirs and assigns.

There are numerous cases construing restrictions and covenants similar to those in the instant case. Thomson et al. v. Dozier, Tex.Civ.App., 168 S.W.2d 319, had a fact situation like this case.

Morton v. Sayles, Tex.Civ.App., 304 S.W. 2d 759, er. ref. n. r. e.; Covenants by Howard Williams, 27 Texas Law Review, page 420; 28 Texas Law Review, page 226.

Appellants cite Aull v. Kraft, Tex.Civ. App., 286 S.W.2d 460, er. ref. n. r. e. This case states there were no restrictions in any deed of conveyance and did not appear in the chain of title and hence were not restrictive covenants.

■ Restrictions are not necessarily favored in law, yet it is well established that where restrictions are confined to a lawful purpose and are within reasonable bounds and the language employed in expressing them is clear, such covenants will be enforced. Chandler v. Darwin, Tex.Civ.App., 281 S.W.2d 363.

■ One can protect his property by restricting adjoining property sold and with the use purposes set out in a deed.

The deed actually executed by Mr. and Mrs. Raggio and delivered to and accepted by Mr. and Mrs. Nicholls does not follow the earnest money agreement and the amendment thereof and there is no omission that might indicate a mutual error or mistake and the execution, delivery and acceptance of the deed is an entirely new and consummated agreement.

Sun Oil Company v. Bennett, 125 Tex. 540, 84 S.W.2d 447, Sec. B, opinion adopted.

Since the appellants have failed to meet the requirements for the reformation of the deed the judgment of the trial court was correct.

The judgment of the trial court is affirmed.